# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| USWAY CORPORATION, and <br> VICTOR KORZEN, <br>       Plaintiffs, <br>       v. <br> WIESLAW WARDZALA, et. al., <br>       Defendants. | No. 11 C 7023 <br> Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is a motion to stay filed by eight of the nine Defendants in this litigation. (Defendant U.S. Way Light, Inc. has not joined in the motion.) Defendants contend that this action, filed by USWAY Corporation ("USWAY") and Victor Korzen, must be stayed pursuant to the *Colorado-River* abstention doctrine. As discussed below, we deny the motion.

## BACKGROUND

In March of 2009, Willow Electrical Supply, Inc. ("Willow") and U.S.-Way Depot, Inc. ("Depot")—both Defendants here—filed a lawsuit in the Circuit Court of Cook County against USWAY and its president, Korzen. (Mot., Ex. 1, IL Compl.) According to the state-court complaint, USWAY imported and sold electrical components to Willow for its supply business. (*Id.* ¶¶ 6–7.) Over the course of several years, Willow and Depot loaned money to USWAY and expended significant additional resources, based on USWAY's representation that Willow would become USWAY's exclusive distributor in the United States. That distributorship did not materialize, and the loans have not been repaid. (*Id.* ¶¶ 19–27.) In addition, Willow and Depot claim that USWAY failed to deliver products, and engaged in duplicative and excessive billing.

(*Id.* ¶¶ 29–30.)  In November 2008, USWAY requested an additional $14,000 from Willow, allegedly in exchange for 51% of USWAY shares.  Although Willow paid the purchase price, USWAY and Korzen refused to issue the shares.  (*Id.* ¶¶ 31–33.)  Based on these allegations, Willow and Depot sued USWAY and Korzen for specific performance, breach of implied warranty of merchantability, breach of contract, unjust enrichment, tortious interference with prospective economic advantage, and injunctive relief.  (*Id.* ¶¶ 34–65.)  Willow is preparing a motion for summary judgment in the ongoing state-court proceedings.  (Mot. at 3.)

On October 5, 2011, USWAY and Korzen filed this federal action.  Here, Plaintiffs allege that Korzen created and owns the USWAY logo, which is protected under federal trademark and copyright law.[1]  (Compl. ¶¶ 15–21.)  Plaintiffs allege that Defendants are knowingly using the USWAY trademark without authorization.  They also allege that Defendants are purchasing and distributing USWAY products without consent.  Plaintiffs claim that, due to Defendants' conduct, USWAY has lost customers and business relationships with foreign manufacturers.  In their seven-count complaint, Plaintiffs allege federal trademark and copyright infringement, federal and state unfair competition, unjust enrichment, and violation of both the Illinois Uniform Deceptive Trade Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act.  Plaintiffs seek, *inter alia*, injunctive relief, disgorgement of

---

[1] Defendants assert that USWAY originally owned the trademark.  (Mot. at 3; Reply at 2 & Ex. 5.)  Based on the February 22, 2011 notice of conveyance that Korzen filed with the U.S. Patent and Trademark Office, he transferred USWAY's interest in the trademark to himself on December 28, 2010.  (*See* Mot. at 3 & Ex. 4; Reply at 1–2.)  Although Defendants contend that this assignment is invalid, the parties do not dispute that, at present, Korzen is the trademark's technical owner of record.  (Mot. at 3–4; Reply at 1–2.)  Defendants also contend that there is no copyright for USWAY and, therefore, the alleged exclusively federal copyright claims do not weigh against a stay.  (Reply at 3.)  We find that dispute immaterial, however, and do not base our decision solely on the existence of the copyright allegations.

profits, damages, and attorneys' fees. (*Id.* ¶¶ 1101–44.) Defendants filed the instant motion on November 14, 2011. (Dkt. No. 23.)

## ANALYSIS

In their motion, Defendants contend that this federal action must be stayed pending resolution of the state-court proceedings, pursuant to the *Colorado-River* doctrine. As the court reiterated in that seminal case, generally "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976); *see Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 645 (7th Cir. 2011). As is often said, the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817, 96 S. Ct. at 1246; *Huon*, 657 F.3d at 645; *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004). Nonetheless, the *Colorado River* doctrine "creates a narrow exception to that rule, allowing federal courts in some exceptional cases to defer to a concurrent state-court case as a matter of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Huon,* 657 F.3d at 645 (quoting *Colorado River*, 424 U.S. at 817, 96 S. Ct. at 1246); *Clark*, 376 F.3d at 685. The Supreme Court has emphasized that the task of a district court faced with a *Colorado River* question "is not to find some substantial reason for the *exercise* of federal jurisdiction" but "to ascertain whether there exist exceptional circumstances, the clearest of justifications, . . . to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26, 103 S. Ct. 927, 942 (1983) (emphasis in original) (original quotation omitted); *Clark*, 376 F.3d at 685. Indeed, "[t]here is a presumption against abstention." *Huon*, 657 F.3d at 645; *Clark*, 376 F.3d at 685

(treating "as paramount the overriding rule that abstention is the exception").

Courts conduct a two-part analysis to determine whether a stay is appropriate under the *Colorado River* doctrine. *Clark*, 376 F.3d at 685; *see Huon*, 657 F.3d at 646; *Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 751 (7th Cir. 2006). We must first evaluate "whether the concurrent state and federal actions are actually parallel." *Clark*, 376 F.3d at 685 (internal quotation omitted); *Huon*, 657 F.3d at 646; *Tyrer*, 456 F.3d at 751. If we conclude that the suits are parallel, we then consider ten non-exhaustive factors to determine whether "exceptional circumstances" exist such that abstention would be warranted. *Clark*, 376 F.3d at 685; *Huon*, 657 F.3d at 646; *Tyrer*, 456 F.3d at 751. If, however, we find that the actions are not parallel, the "*Colorado River* doctrine does not apply and a stay is not proper." *Huon*, 657 F.3d at 646; *AAR Int'l, Inc. v. Nimelias Enters., S.A.*, 250 F.3d 510, 518 (7th Cir. 2001).

We therefore turn to compare the federal and state suits in this matter. In doing so, we "must ascertain whether substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Huon*, 657 F.3d at 646 (internal quotation omitted); *Clark*, 376 F.3d at 686. While two lawsuits need not be identical to be deemed parallel, there must be a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 499 (7th Cir. 2011) (internal quotation omitted); *Huon*, 657 F.3d at 646; *Clark*, 376 F.3d at 686. "Any doubt regarding the parallel nature of the [state] suit should be resolved in favor of exercising jurisdiction." *Adkins*, 644 F.3d at 499; *AAR Int'l, Inc.*, 250 F.3d at 520.

In accordance with these principles, we hold that the state suit filed by Willow and Depot is not parallel to the federal action before us. Defendants contend that the actions are parallel

because "both suits are dependent upon the ownership and control" of USWAY. (Mot. at 6.) This characterization oversimplifies the claims in the federal case, however. The ownership of USWAY is essentially the ultimate issue in the state proceedings. And while ownership of USWAY—as well as the federal trademark and copyright—are relevant to the federal action, they are but threshold issues.

The federal action, which focuses on infringement and assumes Korzen's rightful ownership of the disputed marks, bears no resemblance to the state court lawsuit, which focuses on unpaid loans, unissued shares, and USWAY's deceptive practices. These suits raise entirely different legal issues based on entirely separate facts. The discrepancies are readily apparent when we consider the types of evidence that will be required of each lawsuit. *Huon*, 657 F.3d at 646 ("One important factor is whether both cases would be resolved by examining largely the same evidence.") The evidence necessary for Willow and Depot to prevail in state court would likely revolve around their written and oral communications with USWAY and Korzen, loan documentation, billing records, and proof of the alleged defects in USWAY products. The federal action, however, will turn on evidence concerning the conduct of each of the nine Defendants, including their use of the allegedly protected marks and products on the internet and in the course of business. USWAY will need to come forward with evidence that it has lost customers and manufacturing contacts because of Defendants' conduct. This type of proof is a far cry from that pertinent to the contract dispute between Plaintiffs and two of the Defendants pending in state court.

To be sure, Plaintiffs' claims here in federal court may be adversely affected by a ruling in favor of Willow and Depot in the state court. The state court may find that Willow took

control of USWAY at some point during their relationship. For purposes here, Willow could then allege that it is the rightful owner of: (1) USWAY, which would then presumably dismiss its interest in this suit; and (2) the trademark and/or copyright at issue, which could moot the present action. (*See, e.g.* Reply at 2–3 (arguing that the state court ruling will confirm that Korzen does not control USWAY, had no right to sue on its behalf and no authority to transfer the trademark to himself in late 2010)).

Nonetheless, such hypothetical developments do not transform these otherwise different cases into parallel actions, for an obvious reason: we may not base our decision on Defendants' confidence that the state court will rule in favor of Willow and Depot, either at the summary judgment stage or at trial. That disposition is far from certain and our "anticipation of the outcome in the state . . . court [is] not enough to justify abstention." *Huon*, 657 F.3d at 649 (vacating the stay, which was based on the district court's "guess that *res judicata* would eventually preclude" the federal claims). Moreover, even if the state court rules in Willow's favor, that holding would not necessarily address the related issues of trademark ownership present here. At this juncture, we cannot rule out the possibilities—even if Willow took over majority control of USWAY at some point—that Korzen retained a right to the trademark (perhaps pursuant to the assignment), or that it was infringed prior to the time he lost control of it. In short, regardless of who prevails, the state court action will never reach the infringement, unfair competition, unjust enrichment, and statutory claims asserted in the federal action. *See AAR Int'l, Inc.*, 250 F.3d at 519–21 & n.7. As such, it will not "dispose of *all* claims presented in the federal case." *Adkins*, 644 F.3d at 499 (emphasis added); *see also Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1986) (approving stay where the similarities of

the two lawsuits ensured that, regardless of the winner, the court could "predict with some confidence that the state court litigation will probably eliminate the need for any further proceedings in federal court"). In light of the above, as well as the maxim that any doubt be resolved in favor of exercising our jurisdiction, we conclude that the federal and state actions are not parallel.[2]

**CONCLUSION**

For the reasons set forth above, Defendants' motion is denied. It is so ordered.[3]

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: January 19, 2012

---

[2] We need not conduct the second portion of the *Colorado River* analysis, the ten-factor balancing test, given our ruling that the federal and state actions here are not parallel. *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 593 (7th Cir. 2005) ("Because the cases are not parallel, we need not balance the *Colorado River* factors."); *see Huon*, 657 F.3d at 646; *AAR Int'l, Inc.*, 250 F.3d at 518.

[3] We recognize that this ruling may result in some duplicative discovery and litigation concerning Korzen's right to control USWAY and the trademark, as well as potentially unnecessary discovery and litigation concerning Defendants' conduct. Be that as it may, neither the *Colorado River* doctrine, nor any other abstention doctrine, apply here. Pursuant to binding precedent, we cannot shirk our "virtually unflagging obligation" to exercise jurisdiction. *Colorado River*, 424 U.S. at 817, 96 S. Ct. at 1246.